UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ANGIE KIELISZEWSKI, AND LYNNANN WARE, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br>   v.<br><br>RELIAS LLC,<br><br>                 Defendant. | Case No. 5:25-cv-00043-M-RN |

**PLAINTIFFS' RESPONSE TO DEFENDANT RELIAS'S
SUGGESTION OF SUBSEQUENTLY DECIDED CONTROLLING AUTHORITY**

On October 22, 2025, Defendant Relias ("Defendant") filed a Suggestion of Subsequently Decided Controlling Authority (Doc. No. 30) ("Suggestion"), requesting that the Fourth Circuit's opinion in *Holmes v. Elephant Insurance Company*, No. 23-1782, 2025 WL 2907615 (4th Cir. Oct. 14, 2025) be considered as controlling authority concerning its pending Motion to Dismiss Plaintiffs' claims in this matter. Doc. No. 17. However, *Elephant* has no impact on this Court's assessment of standing under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") for several reasons.

First, *Elephant* is not "controlling" on the issue of standing because its Article III analysis is limited to, the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2724, and does not address the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. To construe *Elephant* broadly to reach an entirely different statute and an independent constitutional question divorced from the facts of the specific case violates Fourth Circuit and Supreme Court precedent. *See Wheeler v. Newport News Shipbuilding & Dry Dock Co.*, 637 F.3d 280, 285 (4th Cir. 2011) ("Because [the case referenced] addressed a separate statute with different language, we do not

find it controlling."); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (reiterating that the Article III standing analysis is based on "the specific facts set forth by the plaintiff[.]").

Second, *Elephant* is legally and factually distinguishable from the present case. *Elephant* concerned a class action alleging personal information was disclosed as part of a data breach due to an insurance company's inadequate security measures, and that the breach caused them harm in the form of: time spent reviewing their credit and financial documents, an increased risk of future identity theft, resulting significant fear and anxiety, and an uptick in texts and calls from spammers. *See* 2025 WL 2907615, at *2. Although the Fourth Circuit concluded most of the alleged harms did not provide Article III standing, it found the two plaintiffs whose driver's license numbers were posted to the dark web suffered concrete injury. *See id.*, at *3. The Court explained that the intangible harm they suffered bears a sufficiently close relationship to the common law tort of public disclosure of private information because (1) publication to the "dark web," (a part of the internet only accessible "to those with some degree of proficiency with computers") is a sufficiently public disclosure as compared to the common law analogue (*Elephant*, 2025 WL 2907615, at *7); and (2) driver's licenses are private information (as evidenced by Congress' "instructive" determination that driver's licenses are "personal information" worth protecting by enacting the Drivers Privacy Protection Act, 18 U.S.C. § 2721 *et seq*.). *Elephant*, 2025 WL 2907615, at *9. Therefore, *Elephant* should be disregarded entirely because the injuries and relevant law are completely different from the allegations in the present case.

Finally, *Elephant*'s standing analysis is limited to unintentional or negligent disclosures of protected information and is therefore entirely district from the *affirmative* disclosure of legally protected information alleged by Plaintiffs Ware and Kieliszewski. *Compare Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 693 (7th Cir. 2015) (analyzing negligent disclosures) with *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 541 (2d Cir. 2024) (analyzing affirmative

1

disclosures under the VPPA). As previously explained, *Elephant*'s disclosure was due to negligence in maintaining security measures facilitating a non-party hacker to obtain personal data. *See* 2025 WL 2907615, at *9. However, this matter concerns *intentional* unlawful disclosures of legally protected information to a third party.

Accordingly, because *Elephant* is inapplicable, Defendant's Suggestion should be disregarded entirely or otherwise stricken because it is not "controlling" authority as required by the Local Rules. *See* Local Civil Rule 7.1(h) ("**Subsequently Decided *Controlling* Authority.** A suggestion of subsequently decided *controlling* authority, without argument, may be filed and served.)

| | |
|---|---|
| Dated: October 30, 2025 | By: */s/ Scott C. Harris*<br>Scott Harris (NC Bar 35328)*<br>**BRYSON HARRIS SUCIU**<br>**& DEMAY, PLLC**<br>900 West Morgan Street<br>Raleigh, NC 27603<br>Telephone: (919) 600-5003<br>sharris@brysonpllc.com<br><br>Allen Carney (*special appearance*)<br>acarney@cbplaw.com<br>Samuel Randolph Jackson (*special appearance*)<br>sjackson@cbplaw.com<br>**CARNEY BATES & PULLIAM, PLLC**<br>One Allied Drive, Suite 1400<br>Little Rock, AR 72202<br>Telephone: (501) 312-8500<br>Facsimile: (501) 312-8505<br><br>Elliot O. Jackson (*special appearance*)<br>Florida Bar No. 1034536<br>**HEDIN LLP**<br>1395 Brickell Ave., Suite 610<br>Miami, Florida 33131-3302<br>Telephone: (305) 357-2107<br>Facsimile: (305) 200-8801<br>ejackson@hedinllp.com |

Alton R. Williams*
NC Bar. No. 38812
**LAW OFFICE OF ALTON R. WILLIAMS**
4030 Wake Forest Road, Suite 300
Raleigh, NC 27609
Telephone: 919-340-0020

*Local Civil Rule 83.1(d) Attorneys for Plaintiffs and Putative Class

## CERTIFICATION OF WORD LIMIT

The undersigned hereby certifies that Plaintiffs' Response To Defendant Relias's Suggestion of Subsequently Decided Controlling Authority complies with LR 7.2(f)(3)(A)). The word count generated by word processing software is 625 words.

By: */s/ Scott C. Harris*
Scott Harris
**BRYSON HARRIS SUCIU & DEMAY, PLLC**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing document to be filed with the Court's CM/ECF system which will send notification of filing to all counsel of record.

Dated: October 30, 2025

*/s/ Scott C. Harris*
Scott Harris
**BRYSON HARRIS SUCIU & DEMAY, PLLC**